**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| TONY J. REID *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 24-2186 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 35, 39, 44 |
| | : | | |
| MARKWAYNE MULLIN, | : | | |
| in his official capacity as Secretary of | : | | |
| Homeland Security, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING DEFENDANTS' MOTION TO DISMISS

### I.  INTRODUCTION

There are three motions before the Court.  First, Plaintiffs Tony J. Reid, Brandon A.

Phillips, and Charlie Boagni, Jr. move for attorneys' fees and costs under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.  In response, Defendants Markwayne Mullin and

Kevin E. Lunday, acting in their official capacities, move to dismiss for lack of subject-matter

jurisdiction because Plaintiffs' attorney, rather than Plaintiffs themselves, submitted the

underlying FOIA request.  Finally, Defendants also move to amend their answer to assert their

jurisdictional defense and recant an admission pertaining to that defense.  Taken in reverse-

chronological order, the Court grants Defendants leave to amend their answer, grants

Defendants' motion to dismiss for lack of subject-matter jurisdiction, and denies as moot

Plaintiffs' motion for attorneys' fees and costs.[1]

---

[1] Plaintiffs initially sued then Secretary of Homeland Security Alejandro Mayorkas in his
official capacity and then Admiral Linda L. Fagan in her official capacity as Commandant of the
Coast Guard.  *See* Compl. for Declaratory & Inj. Relief, ECF No. 1.  Because they were sued in

## II.  FACTUAL BACKGROUND

The Court references only the facts relevant to this decision.  A more thorough description of the facts can be found in the Court's preliminary-injunction decision.  *See Reid v. Mayorkas*, 759 F. Supp. 3d 15, 19–21 (D.D.C. 2024).

Plaintiffs are merchant mariners, meaning they are, or were, qualified "to work aboard a United States merchant marine vessel." *Seafarers Int'l Union of N. Am. v. U.S. Coast Guard*, 81 F.3d 179, 181 (D.C. Cir. 1996); Decl. of Tony J. Reid ("Reid Decl.") ¶ 7, ECF No. 12; Decl. of Brandon A. Phillips ("Phillips Decl.") ¶ 6, ECF No. 12; Decl. of Charlie Boagni, Jr. ("Boagni Decl.") ¶ 6, ECF No. 12.  That job requires a Merchant Mariner Credentials ("MMC"), a license provided by the United States Coast Guard.  *See Clifford v. U.S. Coast Guard*, 915 F. Supp. 2d 299, 303 (E.D.N.Y. 2013) (citing 46 C.F.R. §§ 10.209, 10.225), *aff'd*, 548 F. App'x 23 (2d Cir. 2013).  Plaintiffs applied to renew their MMCs but were denied because of prior sexual-assault convictions pertaining to conduct committed before they received their initial MMCs and, for two of them, when they were minors.  *See* Reid Decl. ¶¶ 8–11; Phillips Decl. ¶¶ 7–10; Boagni Decl. ¶¶ 7–10.

On July 11, 2024, Brett John O'Brien—counsel for Plaintiffs in this case—submitted a request under the FOIA to the United States Coast Guard asking for copies "of all MMC renewals that were denied under 46 USC 7511(a)" and 7511(b) in 2023 and 2024—among other things.  *See* Second Am. Compl. for Declaratory & Inj. Relief ("SAC"), Ex. A, ECF No. 26-1.  Mr. O'Brien made the request using his law firm's letterhead, and he signed it on his own behalf. *Id.*  He stated that "[his] office agrees to pay all applicable fees" and asked that the records be

their official capacities, the Court has substituted them for the current office holders, Secretary of Homeland Security Markwayne Mullin and Admiral Kevin E. Lunday, respectively.

delivered to his office. *Id.* Mr. O'Brien never mentioned Plaintiffs, did not seek records only pertaining to Plaintiffs, and did not otherwise indicate that he was acting in a representative capacity. *See id.*

Shortly thereafter, Plaintiffs sued Defendants in connection with the denial of their MMC renewals. *See generally* ECF No. 1. Plaintiffs then amended their complaint for the first time and moved for a temporary restraining order and preliminary injunction regarding their MMC renewal applications. *See Reid*, 759 F. Supp. at 21. The Court denied Plaintiffs' motion because it found that they were unlikely to succeed on the merits and neither the equities nor the public interest weighed in their favor. *Id.* at 29.

Following on the heels of that decision, Defendants moved to dismiss Plaintiffs' Amended Complaint, and Plaintiffs responded by again amending their complaint. *See* ECF Nos. 22, 26. This Second Amended Complaint added a claim under the FOIA. Defendants again moved to dismiss—this time with respect to all counts except the FOIA count. ECF No. 28 at 1. And Plaintiffs responded by voluntarily agreeing to dismiss all the counts that Defendants challenged. *See* ECF No. 30. That left only the FOIA claim.

Defendants then filed an answer to the Second Amended Complaint. *See* Answer, ECF No. 32. In that answer, "Defendants' admit[ted] that *Plaintiffs* submitted FOIA requests on July 11, 2024." *Id.* ¶ 168 (emphasis added). This admission responded to Plaintiffs' allegation that "[o]n July 11, 2024, Plaintiffs through Counsel, submitted an expedited FOIA request to the Coast Guard via email for all MMC renewals that were denied under 46 U.S.C. § 7511(a)," among other requests. SAC ¶ 168.

Plaintiffs have apparently received all the documents they seek and now move for attorneys' fees and costs. *See* Pls.' Memo. of Law in Supp. of Mot. for Att'ys' Fees & Costs

3

("Pls.' Mot.") at 1, ECF No. 35-1.  Plaintiffs ask for $13,201 in fees and costs.  *Id.* at 8.

Defendants oppose that request and also simultaneously move to dismiss for lack of subject-

matter jurisdiction.  *See* Defs.' Combined Mot. to Dismiss for Lack of Jurisdiction & Opp'n to

Pls.' Mot. for Att'ys' Fees & Costs ("Defs.' Mot. Dismiss") at 1, ECF No. 38.  A few weeks

after filing their reply brief in support of their motion to dismiss, Defendants moved to amend

their answer to rescind their admission that Plaintiffs submitted the FOIA requests and to raise

their challenge to Plaintiffs' standing.  Mot. for Leave to Amend Answer ("Defs.' Mot. Amend")

at 1, ECF No. 44.

The Court first addresses Defendants' motion to dismiss because jurisdictional questions

are antecedent to merits determinations, and in doing so it addresses Defendants' motion to

amend their answer.  Because the Court grants Defendants' motion to dismiss, it does not reach

the merits of Plaintiffs motion for attorneys' fees and costs, which it denies as moot.

### III.  LEGAL STANDARD

Defendants move to dismiss under Fed. R. Civ. P. 12(h)(3), which provides that "[i]f the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."  "A motion styled as one under Rule 12(h)(3) is treated in the same way as a motion to

dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."

*Ams. for Fair Treatment v. U.S. Postal Serv.*, 663 F. Supp. 3d 39, 49 (D.D.C. 2023).  Rule

12(b)(1) allows a party to assert the defense of "lack of subject-matter jurisdiction" by motion.

In reviewing a Rule 12(b)(1) motion, "the court may consider the complaint

supplemented by undisputed facts evidenced in the record, or the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts."  *Coal. for Underground

Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of*

*Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).  Moreover, the Supreme Court has explained that a plaintiff's standing—which is what Defendants challenge here—"must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  In this case, Defendants challenge Plaintiffs' standing after an answer and—although neither party moved for summary judgment nor has there been a trial—at the final stage of this case in the district court.  Accordingly, the Court cannot simply accept the allegations in the complaint as true but must instead look to the evidence before it.

## IV.  ANALYSIS

The parties agree that only the person who made a FOIA request has standing to sue over the denial of that request.  *See* Defs.' Mot. Dismiss at 8–9; Pls.' Combined Resp. to Defs.' Mot. to Dismiss & Reply to Defs.' Opp'n ("Pls.' Resp.") at 5, ECF No. 40.  Multiple courts have held as much.  *See, e.g.*, *McDonnell v. United States*, 4 F.3d 1227, 1237 (3d Cir. 1993) ("Accordingly, a person like [the plaintiff] whose name does not appear on a FOIA request for records may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place."); *Wetzel v. U.S. Dep't of Veterans Affs.*, 949 F. Supp. 2d 198, 202 (D.D.C. 2013) (collecting cases).

The D.C. Circuit has not yet squarely addressed whether courts have jurisdiction over only FOIA actions brought by plaintiffs who have themselves requested records, nor whether such a defect should be considered part of a plaintiff's standing, and this Court need not decide whether that is the case here because Plaintiffs have conceded it.  Plaintiffs make no argument for a different standard and instead write that "[t]o satisfy standing under the FOIA, a plaintiff need show only that 'that *they sought* and *were denied* specific agency records.'"  Pls.' Resp. at 5

5

(emphases added) (quoting *Pub. Citizen v. U.S. Dep't of Just.*, 491 U.S. 440, 449 (1989)).

Unlike arguments *against* a court's subject-matter jurisdiction, "arguments in *favor* of subject

matter jurisdiction can be waived." *Bronner ex rel. Am. Stud. Ass'n v. Duggan*, 962 F.3d 596,

611 (D.C. Cir. 2020) (emphasis added) (quoting *NetworkIP, LLC v. F.C.C.*, 548 F.3d 116, 120

(D.C. Cir. 2008)).  Thus, the only question before the Court is how the standard applies in this

case.

Applying this standard, the Court concludes that Plaintiffs lack standing.  In his letter

requesting records, Mr. O'Brien gave no indication that he was requesting records on behalf of

someone else.  He never mentioned his clients and instead wrote on behalf of "[o]ur office"—

presumably referring to the National Security Law Firm on the letterhead—and asked that the

recipient grant "our request."  SAC, Ex. A.  Although lawyers often write letters on behalf of

their clients, they typically make clear that they are acting in a representative capacity when

doing so.  *Cf., e.g.*, *Brown v. U.S. EPA*, 384 F. Supp. 2d 271, 276 (D.D.C. 2005) (finding

standing where attorney stated in the request that "'I represent Paula D. Brown,' and that

'Ms. Brown has hired me to obtain certain documentation pursuant to [FOIA]'" (alteration in

original)).  In the context of FOIA suits, courts have found that an attorney must make clear not

only that they are representing a client but also that they are making the request on behalf of that

client.  *See Three Forks Ranch Corp. v. Bureau of Land Mgmt., Little Snake Field Off.*, 358 F.

Supp. 2d 1, 3 (D.D.C. 2005) (finding no standing where the attorneys mentioned their corporate

client by name but failed to state that they were making the request on behalf of the corporation).

This case fits the mold of others where courts have dismissed for lack of subject-matter

jurisdiction.  In *Wetzel*, for example, the plaintiff's attorneys made a FOIA request in which they

mentioned the plaintiff's name.  949 F. Supp. 2d at 202.  The attorneys stated that "the requester

law firm represents the veteran in connection with a dispute captioned as *Adam Wetzel v. Capital City Real Estate,*" with Adam Wetzel being the plaintiff in the FOIA case. *Id.* at 203 (cleaned up). It was, the Court noted, "reasonably evident that Wetzel [was] the veteran" being referenced. *Id.* Yet even that was not enough because "the request [did] not make clear that the attorney-client relationship extend[ed] to the FOIA request itself." *Id.* The Court observed that "there is nothing unusual about counsel submitting his own FOIA request for the purpose of obtaining records to use in a client's case." *Id.* But just because the attorney "intended to use the information for Wetzel's benefit" did "not make Wetzel himself the requester within the meaning of FOIA." *Id.* As a result, the plaintiff's request (as opposed to his attorneys' request) had not been denied, and he lacked standing to sue. *Id.*

Here, Mr. O'Brien did less to indicate he was acting on behalf of Plaintiffs than the attorneys in *Wetzel* and *Three Forks Ranch Corp.* and far less than the attorney in *Brown*. Mr. O'Brien did not state that he was representing Plaintiffs and making the request on behalf of Plaintiffs, as the attorney did in *Brown*. *See* 384 F. Supp. 2d at 276; *see also Mahtesian v. U.S. Off. of Pers. Mgmt.*, 388 F. Supp. 2d 1047, 1048 (N.D. Cal. 2005) (finding no standing where attorney made clear they were making the request on behalf of a client but failed to name the client). Mr. O'Brien did not even mention Plaintiffs, unlike the attorneys in *Wetzel* and *Three Forks Ranch Corp.*, cases in which the plaintiffs still lacked standing to bring a FOIA claim. *Wetzel*, 949 F. Supp. 2d at 202–03; *Three Forks Ranch Corp.*, 358 F. Supp. 2d at 3.

Plaintiffs raise two counterarguments, but neither convinces the Court that they have established standing. First, Plaintiffs argue that "the timing of the request . . . indicates that Plaintiffs' counsel submitted the request on behalf of Plaintiffs" because Mr. O'Brien "submitted the request immediately prior to [Plaintiffs] instituting this suit and the subject matter is

7

inherently germane to their claim." Pls.' Resp. at 6. Timing alone is not enough. As the Court explained in *Wetzel*, it could simply be a case of the attorney submitting the request "to use in a client's case" without making the request in the name of the client. 949 F. Supp. 2d at 203.[2] And Plaintiffs did not even bring their FOIA claim until their Second Amended Complaint, which they filed almost half a year later. *See generally* SAC. Moreover, because the request *preceded* the litigation, the receiving agency could not have known that the request was being made on behalf of Plaintiffs at the time of the request because Plaintiffs had not sued yet. Plaintiffs cite no authority suggesting that filing suit shortly after the FOIA request is enough to retroactively indicate that the request had been made on behalf of the suing plaintiffs. *See* Pls.' Resp. at 6. Indeed, Plaintiffs cite no authority whatsoever in support of this argument. *See id.*

Second, Plaintiffs argue that Defendants conceded in their answer that Mr. O'Brien filed the request on behalf of Plaintiffs and therefore conceded standing. *Id.* at 5. Plaintiffs alleged in their Second Amended Complaint that in July 2024, "Plaintiffs through Counsel, submitted an expedited FOIA request." SAC ¶ 168; *see also id.* ¶ 167 ("Defendants are unlawfully withholding records requested by Plaintiffs through Counsel under 5 U.S.C. § 552."). In their answer to the Second Amended Complaint, "Defendants admit[ted] that Plaintiffs submitted FOIA requests on July 11, 2024." Answer ¶ 168. As Plaintiffs see it, because Defendants admitted that *Plaintiffs* (not their counsel) filed the FOIA requests, Defendants cannot now argue that this Court lacks jurisdiction because Plaintiffs did not file the FOIA requests themselves.

---

[2] Of course, Mr. O'Brien may have made the FOIA request for his firm's benefit, rather than Plaintiffs'. In their brief, Plaintiffs emphasize that Mr. O'Brien has used the information from the FOIA request for his law firm's website and argue that "Plaintiffs' *counsel* is in an apt position to ensure that the public benefits from [the records'] release" because "Plaintiffs' *counsel* is among the few public sources to discuss the law, its implications, and the Coast Guards' process and practices implementing it." Pls.' Resp. at 12 (emphases added). This is consistent with Mr. O'Brien making the request on behalf of himself or his firm.

8

Pls.' Resp. at 5.  Plaintiffs emphasize that admissions in an answer "are binding" on the admitting party.  *Nat'l Ass'n of Life Underwriters, Inc. v. Comm'r*, 30 F.3d 1526, 1530 (D.C. Cir. 1994).

The Court concludes that the concession is not binding in this case because the Court will grant Defendants leave to amend their answer.  As an initial matter, it is not clear to the Court whether a concession in an answer is binding when the factual matter in dispute—assuming this is a purely factual question—affects a court's subject-matter jurisdiction.  *Contrast Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984) ("[S]ubject matter jurisdiction can never be created by estoppel . . . ."), *with Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 384 (7th Cir. 2001) ("In many cases uncontested factual stipulations can resolve a jurisdictional question.").  But the Court need not decide whether such an admission would be binding with respect to subject-matter jurisdiction because it grants Defendants leave to amend their answer and thereby withdraw the admission.

An answer is a responsive pleading, and Fed. R. Civ. P. 15(a)(2) instructs that "court[s] should freely give leave" to amend a pleading "when justice so requires."  "It is an abuse of discretion" for the court "to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments or futility of amendment."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (cleaned up).  Plaintiffs noted their opposition to Defendants' motion to amend their answer, but Plaintiffs did not file a response, nor did they provide the Court with any reason to deny the motion.  *See* Defs.' Mot. Amend at 1.  That alone may suffice to grant the motion.  *Cf. Althiabat v. Howard Univ.*, No. CV 13-788 (JMF), 2014 WL 12887640, at *1 n.1 (D.D.C. Apr. 16, 2014) (granting leave to amend and noting that "despite being afforded an opportunity

to oppose plaintiff's motion to amend, the defendant did not make any arguments regarding futility of the amendment").

Here the Court discerns no reason to deny the motion to amend, and Plaintiffs have not offered any.  Admittedly, Defendants' motion to amend arrives near the end of this case and almost a year after Defendants filed their answer.  *See* Answer at 7 (filed May 13, 2025); Defs.' Mot. Amend at 8 (filed Apr. 29, 2026).  But it appears to the Court that little has transpired in this case during that period aside from briefing the instant motions.  About a week after Defendants filed their answer, the parties requested a briefing schedule on the currently pending motion for attorneys' fees and costs.  *See* Joint Status Report, ECF No. 33; Scheduling Min. Order (June 23, 2026).  And in the intervening months, the parties have proceeded to brief that attorneys' fees motion, alongside Defendants' motion to dismiss for lack of subject-matter jurisdiction.  *See* ECF Nos. 32–44.  There has been no discovery or any other motions that would have been affected by Defendants' prior challenge to standing.  *See id.*  Plaintiffs would presumably have still moved for attorneys' fees and costs, and Defendants would presumably have still moved to dismiss for lack of subject-matter jurisdiction.  And, even if Defendants did not raise the argument, the Court would have had an "independent obligation to assure [itself] of jurisdiction" when evaluating Plaintiffs' motion for attorneys' fees and costs.  *See Mendoza v. Perez*, 754 F.3d 1002, 1019 (D.C. Cir. 2014) (quoting *Floyd v. District of Columbia*, 129 F.3d 152, 155 (D.C. Cir. 1997)).  It bears emphasizing that, although this case began almost two years ago, because Plaintiffs did not initially assert a FOIA claim, this is the Court's first meaningful opportunity to consider whether it has jurisdiction over that claim.

Of course, there remain Plaintiffs' allegation that they submitted the FOIA request, rather than Mr. O'Brien, SAC ¶ 168, but at this stage the Court is not required to accept that allegation

as true.  As explained above, this is not a pre-answer motion to dismiss.  And there is a document provided by Plaintiffs, whose authenticity neither party disputes, that contradicts that allegation—namely Mr. O'Brien's letter making the FOIA request.  Based on that unrebutted documentary evidence, the Court finds that Mr. O'Brien did not indicate that he was making the FOIA request on Plaintiffs' behalf, and Plaintiffs therefore lack standing to bring a FOIA claim.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to File an Amended Answer is granted, Defendants' Motion to Dismiss for Lack of Jurisdiction is granted, and Plaintiffs' Motion for Attorneys' Fees and Costs is denied as moot.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 23, 2026                                   RUDOLPH CONTRERAS
                                                        United States District Judge